# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 10, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SECURITY NETWORKS, LLC,**
**Employer Below, Petitioner**

**vs.)    No. 17-0054** (BOR Appeal No. 2051462)
(Claim No. 2014016626)

**DAVID R. BARKER,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Security Networks, LLC, by T. Jonathan Cook, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. David R. Barker, by Reginald D. Henry, his attorney, filed a timely response.

The issue presented in the instant appeal is the compensability of Mr. Barker's claim for workers' compensation benefits. On September 1, 2015, the claims administrator rejected the claim. On July 7, 2016, The Workers' Compensation Office of Judges reversed the claims administrator's Order and reinstated the claim. This appeal arises from the Board of Review's Final Order dated December 20, 2016, in which the Board affirmed the decision of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On November 13, 2013, Mr. Barker seriously injured his shoulder and knee while working for Security Networks, LLC. On the same day, Maria Carter, a Human Resources Assistant for the employer, signed and completed a "treatment authorization" form that provided Mr. Barker's name, social security number, type of injury, body parts injured, and listed the date of injury as November 13, 2013. The "treatment authorization" form was directed to some unidentified medical provider and stated that: "This will serve as our request for you to render

1

the initial treatment for the above injured employee." The "treatment authorization" also stated, "our workers' compensation insurance is provided through The Tower Group/CastlePoint National Insurance Company." The "treatment authorization" advised, however: "Please note that this letter does not confirm that the injury or condition is covered by workers' compensation insurance. That determination will be made when a CastlePoint claims representative completes an investigation."

An e-mail dated November 14, 2013, from Security Networks, LLC representative Carrie Weisenfield, discussed short-term disability insurance and inquired how long the claimant would be off from work due to his injuries. Mr. Barker submitted into evidence a check stub, in the amount of $730.11, from Tower Select Insurance Company which lists his claim number and references dates of service from September 1, 2014, through September 17, 2014. Mr. Barker also submitted a check stub from AmTrust North America, Inc., in the amount of $741.5, for temporary total disability benefits for dates of service July 23, 2015, through July 29, 2015.

On September 1, 2015, AmTrust North America, Inc., the claims administrator, issued an Order rejecting Mr. Barker's claim. The Order stated that AmTrust had not received an Employee's and Physician's Report of injury form (WC-1), as required by West Virginia Code §§ 23-4-1a and 23-4-15. The claims administrator concluded that it did not have any jurisdiction or authority to make any rulings regarding the payment or denial of workers' compensation benefits. The Order stated that, "after further investigation, any and all Orders and payment of benefits in the claim were clearly erroneous and the result of a mistake and/or clerical error." Mr. Barker protested.

On July 7, 2016, the Office of Judges found that the claims administrator erred in finding that Mr. Barker's application for workers' compensation benefits was untimely filed. The Office of Judges reasoned that Mr. Barker fulfilled his statutory duty to provide his employer with notice that he sustained an injury on November 13, 2013, sufficient to generate an initial written notice, "treatment authorization." The Office of Judges found that the claims administrator determined Mr. Barker's workers' compensation claim to be covered without the necessity of reviewing or considering an Employee's and Physician's Report of injury form (WC-1). The Office of Judges noted that the e-mail dated January 10, 2014, from Carrie Weisenfeld, referenced the Family and Medical Leave Act paperwork and claim forms for short term disability, but made no mention that Mr. Barker's application was deficient because of the absence of a completed Employee's and Physician's Report of injury form (WC-1). Ms. Weisenfeld's e-mail indicated that Mr. Barker's claim was approved when she stated, "I also sent the bill to Coadvantage so they can coordinate payment with the workers' comp carrier and pay the bill." The Office of Judges found that the payment of benefit checks issued by Tower/AmTrust confirms that Mr. Barker's workers' compensation claim was ruled compensable based on the processes utilized by CastlePoint, Tower and AmTrust.

The Office of Judges concluded that Mr. Barker's failure to file an Employee's and Physician's Report of injury form (WC-1) is excused in this case. The Office of Judges found that there is no evidence that Mr. Barker was provided a form by his employer. Instead, the claims administrator ruled on Mr. Barker's verbal claim under its own processes, which did not

include the consideration of an Employee's and Physician's Report of injury form (WC-1). The Office of Judges concluded that Mr. Barker should not be punished due to the claims administrator's lack of awareness of proper West Virginia claim procedure and the actions that they have alternatively taken absent such awareness. The Office of Judges stated that the claims administrator obviously accepted compensability of the claim and managed the claim as valid, with the payment of both medical and indemnity benefits, for approximately twenty-two months. The Office of Judges found that the claims administrator may not create uncertainties in a record and then upon achieving awareness of proper procedure two years later seek to benefit from their shortcomings. Relying upon *Vaughan v. West Virginia Office of the Insurance Commissioner*, No. 35746 (May 13, 2011) (memorandum decision), the Office of Judges stated that while it may be the duty of the claimant to file an Employee's and Physician's Report of injury form (WC-1), it is not the duty of a claimant to supply and provide the Employee's and Physician's Report of injury form (WC-1). The Office of Judges concluded that Mr. Barker's application for workers' compensation benefits was timely filed and held that it is not the duty of a claimant to cure insufficiencies in claim processing on part of the claims administrator.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on December 20, 2016. The Board of Review reasoned that the employer and the claims administrator were made aware of Mr. Barker's injury within the six-month statutory period allowed for filing a claim. The employer and the claims administrator began managing the claim and benefits were paid. The Board concluded that the claim was timely filed. We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 10, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3